IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ALEX MALOUF, JR.**     **PLAINTIFF/COUNTER-DEFENDANT**

**VS.**     **CIVIL ACTION NO.: 4:18-cv-213-DMB-JMV**

**MIKE STOCKTON**     **DEFENDANT/COUNTER-PLAINTIFF**
**BAYMONT WHOLESALE, INC.**     **DEFENDANT**

## ORDER GRANTING MOTION TO AMEND COMPLAINT

Before the court is the unopposed amended motion to amend complaint [18], filed by Alex Malouf, Jr. on March 4, 2019. Having considered the matter, the court finds that the motion is well taken and should be granted.

*Background*

On November 1, 2018, defendant removed this action to this court on the basis of diversity of jurisdiction. The complaint, filed in state court, alleges a claim for breach of contract due to non-payment.

On February 28, 2019, plaintiff filed his motion to file first amended complaint to join Baymont Wholesale, Inc. as a defendant. On March 1, 2019, this court entered an Order to Show Cause requiring plaintiff to amend its motion to amend complaint to allege the principal place of business of Baymont Wholesale, Inc..

On March 4, 2019, plaintiff filed an amended motion to file first amended complaint, attaching new proposed amended complaint wherein he alleges Mississippi as the principal place of business of Baymont Wholesale, Inc.. *See* Doc. #18 at Ex. C. The court then required briefing on the issue of jurisdiction which can be found at docket numbers 19 and 20. Having considered the briefing, the court is prepared to rule.

1

*Law and Analysis*

Fed. R. Civ. P. 20 allows the permissive joinder of parties if "(A) any right to relief is asserted against them jointly, severally, or in the alternative[,] with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

According to the proposed amended complaint [18-3], Mike Stockton, apparently a representative of Baymont Wholesale, Inc., signed a contract with the plaintiff as president of the company, thereby making Baymont Wholesale, Inc. a party to the contract at issue. As such, plaintiff alleges that Baymont Wholesale, Inc. is jointly liable for any judgement awarded here for the alleged breach of contract. Doc. #18-3 at 3. Therefore, according to Rule 20, Baymont Wholesale, Inc. may be properly joined. However, because this case was removed to federal court and because Baymont Wholesale, Inc. is a not diverse from the plaintiff, the court must also consider 28 U.S.C.A. § 1447(e).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may [either] deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e).

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

The court should consider factors such as "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* With input from the defendant, the court should then

"balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Id.*

The *Hensgens* court directs district courts to employ a balancing test when deciding a motion to join a nondiverse defendant, weighing the competing interests of the defendant—retaining the federal forum and the plaintiff—and the plaintiff—the danger of parallel federal and state proceedings. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001). Here, the scale weighs heavily in favor of allowing the amendment as joinder of the party is proper, the defendant does not oppose the amendment—precluding any argument of any prejudice as to him—, and the court has found no reason to believe that the purpose of the amendment is to defeat jurisdiction.

Therefore, the amended motion to amend [18] is hereby **GRANTED**. Although plaintiff has attached the amended complaint to the motion to amend, plaintiff shall separately file the amended complaint [18-3], along with any attachments, on the docket within two (2) business days of today's date.

**SO ORDERED** this, the 3rd day of April, 2019.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**